IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00629-WYD-KLM

JACQUELINE GOEMMER,

       Plaintiff(s),

v.

FORD MOTOR COMPANY, a Delaware corporation,   and
ALLIEDSIGNAL, INC., a Delaware corporation, n/k/a Honeywell International, Inc.,

       Defendant(s).

___

**RECOMMENDATION ON PETITION TO APPROVE SETTLEMENT AGREEMENT AND ESTABLISHMENT OF THE GOEMMER QUALIFIED SETTLEMENT FUND**
___

**Entered by  Kristen  L. Mix, United States Magistrate Judge**

      Before the Court is Plaintiff's (unopposed) Petition to Approve Settlement Agreement and the Establishment of the Goemmer Qualified Settlement Fund *Filed Under Seal* [Docket # 52] and a proposed order approving the settlement agreement and the establishment of a qualified settlement fund.  This matter has been referred to this Court for recommendation pursuant to 28 U.S.C. §636(b)(1)(A) and D.C. COLO. L.Civ.R. 72.1.C.  For the reasons set forth below, the Court recommends that the District Court enter an Order approving the settlement agreement and establishing a qualified settlement fund.

**I.**      **Factual and Procedural Background**

      Plaintiff was injured in an automobile accident on August 2, 2004.  On April 5, 2006, she filed a Complaint and Jury Demand relating to the accident against Defendants Ford Motor Company,

AlliedSignal Inc., Breed Technologies, Inc., Honeywell, Inc. and Honeywell International Inc., which asserted claims based upon strict liability and negligence, among others, against all defendants. On August 2, 2006, Plaintiff filed her First Amended Complaint and Jury Demand reasserting those claims against Defendants Ford Motor Company, AlliedSignal Inc., TRW Automotive Safety Systems, Inc., Honeywell Inc. and Honeywell International Inc. On or about March 23, 2007, Plaintiff and Defendant Ford Motor Company agreed upon the terms of a settlement through mediation. On May 16, 2007, the District Court dismissed Plaintiff's claims against Defendants TRW Vehicle Safety Systems, Inc. (improperly designated in the First Amended Complaint as "TRW Automotive Safety Systems, Inc."), Breed Technologies, Inc., Honeywell, Inc. and Honeywell International, Inc. (f/k/a AlliedSignal, Inc.) with prejudice. Upon entry of that Order, Plaintiff's claims against Defendant Ford Motor Company were the only remaining claims in this action. On June 12, 2007, Plaintiff filed, under seal, an unopposed Petition to Approve Settlement Agreement (with Defendant Ford Motor Company) and for Establishment of the Goemmer Qualified Settlement Fund (the "Petition").

**II.     Discussion**

26 U.S.C. §468B establishes rules for taxation of certain settlement funds. The regulations promulgated pursuant to the statute, including 26 C.F.R. §1.468B-1, establish requirements for creation of "qualified settlement funds" to which the statutory taxation rules apply. As set forth in the Petition, Plaintiff and Defendant Ford Motor Company ("Ford") have agreed to resolve Plaintiff's claims against Ford by settlement and establishment of a qualified settlement fund. Pursuant to 26 C.F.R. §1.468B-1(c), a qualified settlement fund must meet three requirements: (1) it must be

"established pursuant to an order of, or [be] approved by...any agency or instrumentality (including a court of law) of [the United States][ and be] subject to the continuing jurisdiction of [the court];" (2) it must be "established to resolve...[a] contested claim...arising out of a tort;" and (3) it must be "a trust under applicable state law, or its assets are otherwise segregated from other assets of the transferor." *Id.* Upon review of the Petition and all relevant pleadings, the Court finds that all three requirements for establishment of a qualified settlement fund are met. Thus, in order to effectuate the intent and agreement of the Plaintiff and Defendant Ford, entry of a Court order approving the parties' settlement and establishing a qualified settlement fund is appropriate.

### III.   Conclusion

Accordingly, for the reasons stated above, the Court **recommends** that Plaintiff's unopposed Petition to Approve Settlement Agreement and the Establishment of the Goemmer Qualified Settlement Fund *Filed Under Seal* be **granted**. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz,* 447 U.S. 667, 676-83 (1980); 28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n,* 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 7th day of August, 2007.

BY THE COURT:

　/s/   Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge